UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| STANLEY THOMAS BRAZIL, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:21-cv-00322-JPH-MJD |
| ) | |
| FEDERAL BUREAU OF PRISONS, ) | |
| ) | |
| Defendant. ) | |

**ENTRY DISMISSING COMPLAINT AND DIRECTING FURTHER PROCEEDINGS**

Stanley Brazil is incarcerated at the Federal Correctional Institution at Terre Haute. Mr. Brazil asks the Court to review the U.S. Bureau of Prisons' denial of his request to be released to home confinement. For the reasons discussed below, Mr. Brazil's complaint is dismissed, and he must file an amended complaint or show cause why the Court should not enter final judgment.

**I. Screening Standard**

The Court must dismiss the complaint, or any portion of it, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes Mr. Brazil's pro se pleadings liberally and holds them to to a less stringent standard than formal pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

1

## II. The Complaint

The Bureau of Prisons (BOP) has authority "to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment . . . or 6 months." 18 U.S.C. § 3624(c)(2). Recently, the Coronavirus Aid, Relief, and Economic Security (CARES) Act granted the BOP authority to grant home confinement for longer periods than § 3624 permits. *See* 134 Stat. 281, 516 (Mar. 27, 2020).

Mr. Brazil suffers from medical conditions that place him at heightened risk of experiencing serious complications if he contracts COVID-19. He applied for release to home confinement under § 3624 but was denied. He states that "his medical conditions render him similarly situated to several other inmates who were granted release." Dkt. 1 at 2. But "Mr. Brazil is of a different race and religion, for the most part, from the other inmates." *Id.* Mr. Brazil asks the Court to review the BOP's denial of his application pursuant to the Administrative Procedure Act (APA), deem the BOP's decision arbitrary and capricious or contrary to law, and order that he be released to home confinement for the remainder of his sentence.

## III. Discussion of Claims

Under the APA, a "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. However, the APA does not permit judicial review when "statutes preclude judicial review" of the provision or decision being challenged. 5 U.S.C. § 701.

Notably, 18 U.S.C. § 3625 precludes judicial review of decisions on home detention applications under the APA. Section 3625 explicitly states that the APA does not "apply to the making of any determination, decision, or order under" the subchapter containing § 3624. In other words, a prisoner may not use the APA to challenge a decision under § 3624 denying release to

2

home confinement. *See Sebolt v. United States*, 769 F. App'x 381, 382 (7th Cir. 2019) ("The district court correctly dismissed Sebolt's claim" challenging his placement under § 3624 "for not being judicially reviewable under the Administrative Procedure Act."); *see also Chambers v. Warden Lewisburg USP*, 852 F. App'x 648, 650 (3d Cir. 2021) ("The District Court thus did not err in disposing of Chambers's " claim because "the Administrative Procedures Act prohibits judicial review" of decisions under § 3624.).

The CARES Act extended the amount of time a federal inmate may serve in home confinement, but the authority for the BOP's decision to grant home confinement still comes from § 3624. Because § 3625 explicitly forecloses judicial review of such decisions under the APA, and because that is the only relief Mr. Brazil seeks, his complaint must be **dismissed** for **failure to state a claim** upon which relief may be granted.

### IV. Conclusion

For the reasons discussed in Part III, Mr. Brazil's complaint, dkt. 1, is **dismissed** for **failure to state a claim** upon which relief may be granted. To the extent Mr. Brazil seeks preliminary injunctive relief, his motion is **denied** for the same reasons.

If Mr. Brazil wishes to proceed with this action, he must either file an amended complaint or show cause why this action should not be dismissed. He must do so **no later than January 20, 2022**. Failure to do so in the time provided will result in the dismissal of this action without further warning or opportunity to show cause and in the accrual of a "strike" for purposes of 28 U.S.C. § 1915(g).

If Mr. Brazil files an amended complaint, it must correct the deficiencies discussed in this entry. It must include the case number associated with this action, no. 2:21-cv-00322-JPH-MJD. It will completely replace the original complaint, and it will be screened pursuant to § 1915A, so

it must include all defendants, claims, and factual allegations that Mr. Brazil wishes to pursue in this action.

**SO ORDERED.**

Date: 11/29/2021

                                                       James Patrick Hanlon
                                                       United States District Judge
                                                       Southern District of Indiana

Distribution:

STANLEY THOMAS BRAZIL, JR.
41864-039
TERRE HAUTE – FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808